**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **WILLIAM D. WILSON, JR.,** ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Civil Action No. 1:04cv488 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|     Defendant. ) | |

**ORDER**

The matter came before the Court for a bench trial on plaintiff's claim against the defendant under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), for medical negligence in connection with an operation performed in November 2001 at the Veterans' Administration Medical Center in Martinsburg, West Virginia.[1] In the course of the trial, plaintiff testified in his own behalf and additionally presented the testimony of two individuals, namely (i) Dr. Howard David Reines and (ii) Dr. Ira David Miller. Defendant, in turn, presented the testimony of (i) Dr. Jon C. White and (ii) Dr. Edwin E. Cohen. Various documents were admitted into the record as exhibits in the course of the trial and the matter was then argued orally at the conclusion of the presentation of all the evidence. Based on the trial record as a whole, the Court thereafter issued its oral findings of fact and conclusions of law pursuant to Rule 52, Fed. R. Civ. P. from the Bench on June 20, 2005. This Order reflects those rulings.

On the basis of the record as a whole, the Court finds, *inter alia*, as follows:

---

[1] By Order dated May 20, 2005, and further elucidated in a memorandum opinion dated June 27, 2005, the $250,000 cap on non-economic damages set forth in the West Virginia Medical Professional Liability Act (MPLA), W. Va. Code § 55-7B-1, *et seq.* was held to be applicable to the instant FTCA claim. *See Wilson v. United States*, 1:04cv488 (E.D. Va. May 20, 2005) (Order); *Wilson v. United States*, 1:04cv488 (E.D. Va. June 27, 2005) (Memorandum Opinion).

1. That the applicable standard of care in this case with respect to the November 14, 2001 surgery to reverse plaintiff's colostomy included (i) the administration of certain diagnostic tests prior to the surgery, (ii) the visual inspection or examination of the distal end of plaintiff's remaining sigmoid colon during the surgery, and (iii) the removal of any remaining diseased or inflamed portions of the remaining sigmoid colon during the surgery.

2. That defendant and its agents failed to comply with this standard of care, including specifically that the required tests were not accomplished, and more significantly, that a preponderance of the evidence reflects that the remaining distal portion of plaintiff's sigmoid colon was not appropriately inspected and removed.

3. That defendants' failure to meet the standard of care was the proximate cause of the third and fourth surgeries that plaintiff was required to undergo in January 2002 to remove most of the remaining portion of his sigmoid colon and in October 2004 to repair a hernia that had developed as a consequence of the necessity to perform a third operation on plaintiff.

4. That plaintiff withdrew his claim for lost wages and all economic damages with the exception of $10,388 in outstanding medical bills.

5. That plaintiff suffered non-economic damages in the amount of $125,000 for pain and suffering and permanent injury (scars) as a proximate result of defendant's failure to meet the applicable standard of care.

Accordingly, for these reasons and based on the findings of fact and conclusions of law stated from the Bench, and for good cause shown,

It is hereby **ORDERED** that judgment is **ENTERED** in favor of plaintiff and against defendant in the total amount of $135,388, with post-judgment interest to accrue at the statutory rate.

The Clerk is **DIRECTED** to enter judgment pursuant to Rule 58, Fed. R. Civ. P., and to place this matter among the ended causes.

The Clerk is further directed to send a copy of this Order to all counsel of record.

/s/
_____
T. S. Ellis, III
United States District Judge

Alexandria, VA
June 27, 2005